(*) ALLEN *versus* BICKNELL.

A mortgagee of land, even before condition broken, may take the same into possession, if he have made no stipulation to the contrary.

Such entry may be made without consent of the mortgager; and even if made *manu forti*, it gives to the mortgager no legal cause of complaint.

If the mortgager have personal property upon the land, the mortgagee, in order to perfect his entry, may, upon the mortgager's neglect after reasonable notice, remove the same, provided the removal be made in a careful manner and to a safe and convenient place.

ON REPORT from *Nisi Prius,* APPLETON, J., presiding.

TROVER, for goods removed from a store occupied by the plaintiff.

Allen had goods, and traded in a store which he had hired of Bicknell. On August 13, 1849, the parties agreed in writing that Allen should purchase the store and its lot, by giving Bicknell fifty dollars more than the same should be appraised by referees, agreed upon. In the same agreement it was stipulated that Bicknell should have the store for fifty dollars, and should remove it from the land so soon as Allen should have erected a new one. Several other matters were submitted to the referees, who, on August 15, 1849, awarded, among other things, that the value of the lot with the store was $425. The same was accordingly conveyed to Allen, who on a settlement of all matters according to the award, gave his note for $402, the balance due to Bicknell, and

mortgaged back the land to secure the note. In that settlement the fifty dollars were allowed to Allen, as the price of the store, which Bicknell was afterwards to remove.

Allen's new store was completed and occupied by him a few days prior to April 13, 1850. But he had not taken all his goods from the old store. Bicknell was then desirous to take the old store away, and notified Allen to remove the goods from it. This not having been done, Bicknell, on said April 13, 1850, removed the goods a short distance to a building of his own, notifying Allen that he could receive them there at any time. No part of the mortgage debt of $402 had then become payable. It is for this removal of the goods, that this action of trover was brought.

.Some days after that removal, Bicknell undertook to deliver the goods to the plaintiff's attorney; but after a part of them had been arranged for delivery, the plaintiff replevied that part, and no delivery was effected.

The case was submitted to the Court for a nonsuit or default according to the rights of the parties.

*J. S. Peters,* for the plaintiff.

*A. W. Paine,* for the defendant.

APPLETON, J. — It appears from the evidence, that on the 13th August, 1849, the plaintiff in this action agreed to purchase of the defendant a lot of land, on which was a store he then occupied as his tenant. By the same agreement the value of the store and lot, and other matters in dispute, were submitted to three referees, who, on the next day, made their award, in which the lot and store were appraised at four hundred and twenty-five dollars. In the agreement of purchase, it was stipulated that the defendant was to "have the store, and move it off," and the plaintiff was to be allowed towards his purchase fifty dollars for it. A deed bearing even date with the agreement before referred to, and conveying the lot without any reservation to the plaintiff, was made and subsequently acknowledged, but it appeared by a comparison of the consideration of the deed, with the agreement to purchase,

and the award of the referees, that the agreed price of the store had been deducted from the appraised value of the lot and store. A mortgage was at the same time executed to secure to the defendant the balance thus found due. The plaintiff, therefore, if he should hold the store, will do so contrary to the written agreement of the parties, and not merely without having paid any consideration therefor, but when its value has been deducted from the price of the lot conveyed. Whether under such circumstances the equitable rights of the defendant to the store would not be protected by a Court of Chancery, it is not necessary now to consider, as the *legal* rights of the parties only, are before us for adjudication.

The defendant, holding a mortgage which was in force, though no part of the sum thereby secured was due, entered the store which the plaintiff had been occupying, gave him reasonable notice to remove his goods, and, upon his refusal, removed them in a safe and prudent manner to a store near by, from whence, it would seem from the evidence, that the plaintiff might at any time have taken them. The law is well settled that the mortgagee may at any time enter upon the mortgaged premises, before breach of the condition, and without notice, and dispossess the mortgager, unless there be some stipulation to the contrary in the mortgage. *Blaney* v. *Bearce*, 2 Greenl. 132; *Wilder* v. *Houghton*, 1 Pick. 87; *Lackey* v. *Holbrook*, 11 Metc. 458. Even if he enter forcibly, and under circumstances which might render him criminally liable for a breach of the peace, still such entry will be rightful against the mortgager, and he may retain the possession for the purpose of taking the rents and profits equally, as if his entry had been peaceable and under legal process. *Brown* v. *Crum*, 1 N. H. 169. Indeed, the authorities all concur in the doctrine, that where a party has a legal right of entry upon land, he may enter by force and turn out the person in possession, who cannot maintain trespass therefor against him. *Hyatt* v. *Wood*, 4 Johns. 150; *Miner* v. *Stevens*, 1 Cush. 485.

The defendant having a right of entry as mortgageé, might legally remove the goods in the store, and would not be liable for so doing, if after reasonable notice, the plaintiff should neglect or refuse to cause their removal, provided it were done in a careful and prudent manner and to a safe and convenient place. *Rollins* v. *Mooers,* 25 Maine, 192.

" A conversion, in the sense of the law of trover, consists either in the appropriation of the thing to the party's own use and beneficial enjoyment, or in its destruction, or in exercising dominion over it in exclusion or defiance of the plaintiff's rights, or in withholding the possession from the plaintiff under a claim of title inconsistent with his own." 2 Greenl. Ev. § 642. A surveyor of highways may lawfully remove wood which encumbers the highway, and if he give notice to the owner where he has put it, he will not be held liable in trover, though he claim the costs of its removal. *Plumer* v. *Brown,* 8 Met. 578. So if a ferryman wrongfully put the horses of a passenger out of a boat, without further intent, it may be a trespass, but it is not a conversion. *Fouldes* v. *Willoughby,* 8 M. & S. 340.

In the case last referred to, L'd ABINGER says, " in order to constitute a converson, it is necessary either that the party taking the goods should intend some use to be made of them by himself or those for whom he acts, or that, owing to his acts, the goods are destroyed or consumed, to the prejudice of the lawful owner." In *Heald* v. *Carey,* 2 J. Scott, 977, it was held, that to constitute a conversion of goods, there must be some repudiation by the defendant of the owner's right, or some exercise of dominion over them inconsistent with such right.

It seems that, after the removal of the goods, the defendant with the attorney of the plaintiff, went to the place where they were stored for the purpose of delivering them up, and that he was then ready to surrender them, but the attorney of the plaintiff preferred to take them, or a portion of them, by a writ of replevin. At another time there was some conversation about the goods, but no demand was made. The de-

fendant requested a discharge, but did not impose it as a condition upon which alone he would surrender the goods. The original removal of the goods was legal, and since that time there has been no denial of the rights of the plaintiff, no refusal to deliver the goods in dispute on demand, and no claim of ownership on the part of the defendant. The action, consequently, is not maintainable. *Plaintiff nonsuit.*

SHEPLEY, C. J., and TENNEY, RICE and HATHAWAY, J. J., concurred.

